**Electronically Filed
Intermediate Court of Appeals
30043
20-MAY-2013
09:23 AM**

NO. 30043

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


WAIKOLOA DEVELOPMENT CO.,
Plaintiff-Appellant,
v.
WAIKOLOA HEIGHTS LAND INVESTORS, L.P.,
Defendant-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 06-1-0288)


MEMORANDUM OPINION
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Plaintiff-Appellant Waikoloa Development Co. (WDC) appeals from the "Final Judgment Entered Against [WDC]" entered in the Circuit Court of the Third Circuit[1] (circuit court) on August 24, 2009. On appeal, WDC contends the circuit court erred in:

1) denying "Plaintiff [WDC's] Motion For Partial Summary Judgment As To Count II of [WDC's] Complaint [Filed September 12, 2006]" (MPSJ);

2) granting "Defendant Waikoloa Heights Land Investors, L.P.'s [(WHLI)] Motion For Summary Judgment Based On Statute Of Limitations" (MSJ); and

---

[1]     The Honorable Elizabeth A. Strance presided.

3) granting in part "Defendant [WHLI's] Motion For An Award Of Attorneys' Fees And Costs (MFC)."

## I. BACKGROUND

### A. Overview of Factual Background

This action stems from a contract dispute between WDC and Defendant-Appellee WHLI over WHLI's obligation to extend and improve Paniolo Avenue[2], a roadway planned to run through a portion of WHLI's property and adjacent to the County of Hawai'i's (County) affordable housing project in Waikoloa, Hawai'i. This obligation stemmed from an affirmative covenant contained in the deed by which WHLI took title to the property.

On March 2, 1988, the County and Transcontinental Development Co. (TDC) entered into an agreement whereby TDC would deed 300 acres of land to the County to help meet the affordable housing requirements applicable to the Waikoloa Beach Resort. The Memorandum of Agreement (MOA) required, in pertinent part:

> MINIMUM IMPROVEMENTS AND REQUIREMENTS
>
> TDC agrees to provide, or shall cause to be provided, if and when required, the following:
> . . . .
>
> 3. Roads. Paniolo Drive shall be extended and improved to County dedicable standards with four lanes as well as intersections providing two ingress and egress points to the property. TDC shall insure, to the extent not built by other developers, that the improvements to Paniolo Drive are provided within five years from the date of this agreement.

WDC subsequently assumed TDC's rights and obligations under the March 2, 1988 MOA with the County's approval.

On July 30, 1990, WDC conveyed the 866 acre Waikoloa Heights Property to Waikoloa Heights Associates (WHA) as grantee (1990 Deed). WHA conveyed that property on the same day to an entity named Waikoloa Heights Investment Partners, L.P., subject to all of the terms, conditions, and covenants contained in the 1990 Deed. The 1990 Deed expressly created an affirmative covenant between WDC and the owner of the Waikoloa Heights

---

[2]    Paniolo Avenue was formerly known as Paniolo Drive.

Property, binding all subsequent owners of the property with the obligation to extend Paniolo Avenue when required under the County Housing Agreement.[3]

On May 9, 2006, WDC sent a letter to WHLI demanding that WHLI extend Paniolo Avenue pursuant to the MOA and the 1990 Deed.[4] A subsequent letter reiterating that demand was sent on July 28, 2006. On August 25, 2006, WHLI "responded that the duty in the MOA and the 1990 Deed to build the road extension by March 2, 1993 no longer was enforceable."

B. Procedural Posture

On September 12, 2006, WDC filed a Complaint against WHLI, asserting claims of "(1) breach of the 1990 Deed; (2) declaratory relief; (3) unjust enrichment/equitable lien; and (4) specific performance ordering WHLI to immediately and timely take all necessary action to extend and improve Paniolo Avenue."

On October 26, 2006, WDC filed its MPSJ seeking an order that "WHLI is obligated at its sole expense to immediately and timely take all necessary action to extend and improve Paniolo Avenue[.]"

On September 24, 2008, WHLI filed its MSJ seeking to dismiss all claims in the complaint.

On November 17, 2008, the circuit court heard arguments on both motions for summary judgment.

---

[3] The 1990 Deed states, in pertinent part:

> 3. Roadway. Grantee shall, at its expense, extend and improve Paniolo [Avenue] from the intersection of Paniolo [Avenue] and Ho'oko Street up through the northern boundary line of Lot 2 of File Plan 1967 to County dedicable standards with four lanes as well as intersections providing two ingress and egress points to Lot 2 of File Plan 1967 pursuant to that certain [MOA], executed by the County of Hawaii and Transcontinental Development Co. ("County Housing Agreement"). Grantee agrees that it will complete such extension of Paniolo [Avenue] at such time as may be required under the County Housing Agreement but in any case prior to March 2, 1993.

[4] WHLI took title to the property by deed recorded with the Bureau of Conveyances on May 23, 2009. The WHLI deed was subject to the covenants and conditions of the 1990 Deed.

On December 5, 2008, the circuit court issued an "Order Granting [WHLI's] [MSJ], Filed September 24, 2008." The order 1) granted WHLI's MSJ dismissing Counts I, II, and IV of the Complaint with prejudice; and 2) denied WDC's MPSJ. The circuit court found, in pertinent part:

> 1. That the obligation to construct the extension to the roadway known alternatively as Paniolo Drive and Paniolo Avenue ("Paniolo Avenue") contained within that certain Deed dated July 30, 1990 . . . is an affirmative covenant providing for the construction of the extension to Paniolo Avenue within a specified period of time;
>
> 2. That the affirmative covenant contained in the 1990 Deed providing for the construction of the extension to Paniolo Avenue is contractual in nature;
>
> 3. That there is no ambiguity in the 1990 Deed regarding the obligation to construct the extension to Paniolo Avenue;
>
> 4. That the extension to Paniolo Avenue was not constructed within the time specified in the 1990 Deed; and
>
> 5. That no action was taken to enforce the obligation in the 1990 Deed to construct the extension to Paniolo Avenue within the statute of limitations under Haw. Rev. Stat. § 657-1(1).[5]

On December 5, 2008, WHLI filed MFC. On April 15, 2009, the circuit court issued an "Order to Revise and Clarify Billing Submitted For [WHLI's] [MFC] Filed December 5, 2008," ordering WHLI to revise and clarify the billings used to support its request for attorneys' fees and costs.

On August 5, 2009, the circuit court entered the "Order Granting in Part and Denying in Part [WHLI's] [MFC]. WHLI was awarded attorneys' fees in the amount of $219,608.48 and costs in the amount of $12,419.25.

On August 24, 2009, the circuit court entered its "Final Judgment Entered Against WDC," that 1) dismissed with prejudice Counts I, II, and IV of WDC's Complaint; 2) dismissed

---

[5] Hawaii Revised Statutes (HRS) § 657-1(1) (1993) enumerates a statute of limitation of six years "after the cause of action accrued" for "[a]ctions for the recovery of any debt founded upon any contract, obligation, or liability[.]"

4

without prejudice Count III of WDC's Complaint; and 3) awarded WHLI a total judgment of $232,027.73.

## II.  STANDARDS OF REVIEW

### Summary Judgment

The standard of review for the grant or denial of a motion for summary judgment is well-settled.  "Unlike other appellate matters, in reviewing summary judgment decisions an appellate court steps into the shoes of the trial court and applies the same legal standard as the trial court applied."  Beamer v. Nishiki, 66 Haw. 572, 577, 670 P.2d 1264, 1270 (1983).  "[The appellate] court reviews a circuit court's grant or denial of summary judgment de novo."  Bremer v. Weeks, 104 Hawai'i 43, 51, 85 P.3d 150, 158 (2004) (quoting Hawai'i Cmty. Fed. Credit Union v. Keka, 94 Hawai'i 213, 221, 11 P.3d 1, 9 (2000)).

[S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together, with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties.  The evidence must be viewed in the light most favorable to the non-moving party.  In other words, we must view all of the evidence and the inferences drawn therefrom, in the light most favorable to the party opposing the motion.

Omerod v. Heirs of Kaheananui, 116 Hawai'i 239, 254-255, 172 P.3d 983, 998-999 (2007) (citations omitted).

Blaisdell v. Dep't of Public Safety, 119 Hawai'i 275, 282, 196 P.3d 277, 284 (2008).

### Attorneys' Fees

[The appellate] court reviews the denial and granting of attorney's fees under the abuse of discretion standard.  The same standard applies to [the appellate] court's review of the amount of a trial court's award of attorney's fees.  An abuse of discretion occurs if the trial court has clearly exceeded the bounds of reason or has disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

Chun v. Bd. of Trs. of Employees' Ret. Sys. of State of Hawai'i, 106 Hawai'i 416, 431, 106 P.3d 339, 354 (2005) (internal quotation marks, citations, brackets in original, and ellipses

omitted) (quoting <u>Chun v. Bd. of Trs. of Employees' Ret. Sys. of State of Hawai'i</u>, 92 Hawai'i 432, 439, 992 P.2d 127, 134 (2000)).

## III. DISCUSSION

### A. Whether the circuit court erred in denying WDC's MPSJ.

WDC argues that the circuit court erred in denying its MPSJ because 1) the plain language of the affirmative covenant and overwhelming majority of cases provide that performance is due upon demand; 2) extension of Paniolo Avenue could not occur until it was required by the County; and 3) the circuit court's reliance on <u>Rivemont Farms LLC v. Northeast Solite Corp.</u>, 848 N.Y.S.2d 416 (NY 2007) was misplaced.

#### 1. Whether there is plain language and factual basis to support WDC's position that performance was due on demand.

WDC argues that "the overwhelming and undisputed intent of the County" was that the Paniolo Avenue extension was to be built when required for the County's affordable housing project. In support, WDC points out the futility of building the road at the time stated in the MOA and deed, because the properties it was to serve were "nothing more than fields of dirt and lava rock."

##### a. The plain language of the Covenant and MOA.

It was WDC's position that "WHLI's obligation to perform under the deed covenant is expressly conditioned upon Paniolo Avenue being required by the County[.]" WDC relies on the "if and when required" language of the covenant in support. WDC argues that WHLI's obligation to extend and improve Paniolo Avenue did not begin to run until the County demanded construction in April 2006. WDC argues that its right of action against WHLI only accrued after WHLI refused to perform its obligation in 2006.

WHLI, on the other hand, points out that WDC's argument "ignores [the] salient second half" of the 1990 Deed provision, which states in full that "[g]rantee agrees that it will complete such extension of Paniolo [Avenue] at such time as may be required under the County Housing Agreement but in any case prior to March 2, 1993." In addition, the MOA required "that the improvements to Paniolo [Avenue] are provided within five years from the date of this agreement," which WHLI points out was also March 2, 1993. WHLI notes that in the MOA, none of the other capital improvements had deadlines imposed upon them besides the section referencing the Paniolo Avenue extension.

WHLI contends the "language [of the MOA and 1990 Deed are] clear on its face, incapable of any other interpretation." A contract "should be construed as a whole and its meaning determined from the entire context and not from any particular word, phrase, or clause." Hawaii Med. Ass'n v. Hawaii Med. Serv. Ass'n, Inc., 113 Hawai'i 77, 92, 148 P.3d 1179, 1194 (2006).

It is well-settled that "[a] term of a contract is ambiguous when it is capable of being reasonably understood in more ways than one." Stewart v. Brennan, 7 Haw. App. 136, 142-143, 748 P.2d 816, 821 (1988). Furthermore, "an agreement should be construed as a whole and its meaning determined from the entire context and not from any particular word, phrase, or clause." Maui Land & Pineapple, Co., Inc. v. Dillingham Corp., 67 Haw. 4, 11, 674 P.2d 390, 395 (1984). Despite the fact that there was no need for the road at the time of the March 2, 1993 deadline, the language of the MOA and 1990 Deed are clear in firmly setting that date.

WDC argues the extrinsic evidence of the parties' intent when making the agreement should be considered. WDC points to the Hawai'i Supreme Court's holding that "[a]ll evidence outside of the writing including parol evidence, [should] be considered by the court to determine the true intent

7

of the parties if there is any doubt or controversy as to the meaning of the language embodying their bargain." Hokama v. Relinc Corp., 57 Haw. 470, 476, 559 P.2d 279, 283 (1977). However, here the language of the MOA and 1990 Deed are not ambiguous or unclear in their meaning.

"Where a writing is found to be clear and unambiguous and 'represents the final and complete agreement of the parties,' the parol evidence rule bars evidence of 'prior contemporaneous negotiations and agreements that vary or alter the terms of a written instrument.'" United Public Workers, AFSCME, Local 646, AFL-CIO v. Dawson Int'l, Inc., 113 Hawai'i 127, 140-141, 149 P.3d 495, 508-509 (2006). "The court should look no further than the four corners of the document to determine whether an ambiguity exists." United Public Workers, 113 Hawai'i at 140, 149 P.3d at 508.

2.    Whether the extension could not occur until required by the County.

The point of WDC's argument is that the extension of Paniolo Avenue could not possibly occur until required by the County, and thus the statute of limitations could not begin to run until that time. WDC argues that the covenant could not have been breached until after the County approved the Amendment to Planned Unit Development Permit No. 73 for the Waikoloa Heights Property on April 10, 2006, requiring the owners to "construct, at a minimum, two lanes of the 'Paniolo Avenue Extension.'" For support, WDC asserts that "[a] condition precedent to an obligation to perform a contract calls for the performance of some act or the happening of some event after a contract is entered into, upon the performance or happening of which the obligation to perform immediately is made to depend." Handley v. Ching, 2 Haw. App. 166, 169, 627 P.2d 1132, 1135 (1981). However, WDC's discussion of conditions precedent and contingencies are contrary to the language of the 1990 Deed,

8

which plainly states the extension was to be completed "in any case prior to March 2, 1993."

> 3. Whether the circuit court's reliance on <u>Rivemont Farms</u> was misplaced.

### a. Rivemont Farms

The circuit court relied on the New York Supreme Court Appellate Division's decision in <u>Rivemont Farms</u> for the propositions that 1) affirmative covenants contained in a deed could be rendered unenforceable due to the expiration of the statute of limitations; and 2) that the statute of limitations does not begin to run only when a demand for compliance was rejected. <u>Rivemont Farms</u>, 848 N.Y.S.2d 416. In <u>Rivemont Farms</u>, covenants contained in deeds required the purchaser, the predecessor in interest to the plaintiff, to plant trees and construct a berm within twelve months after closing. These covenants were held unenforceable due to the expiration of a six-year statute of limitations, and the argument that the statute of limitations could only be commenced by defendant's demand for compliance was rejected. <u>Id.</u>

There was a fixed deadline set in the covenant agreement in this case as in <u>Rivemont Farms</u>. The circuit court's reliance on <u>Rivemont Farms</u> was not misplaced.

### b. Scherpenseel v. Bitney

WDC compares the instant case to that of <u>Scherpenseel v. Bitney</u>, 865 P.2d 1145 (Mont. 1993), in which the Montana Supreme Court found that the plaintiffs suit to enforce a covenant to build a road filed sixteen years after purchase of the property was not barred by the statute of limitations because only one year had passed since the defendants refused plaintiffs' demand to perform the covenant and build the road. However, the deed covenant in <u>Scherpenseel</u> did not contain an express deadline

9

for performance, containing instead an open-ended obligation for performance "in the future" to improve and donate a County Road.

The language of the 1990 Deed and MOA are clear. The operative deadline was March 2, 1993. The circuit court's ruling granting summary judgment to WHLI was not in error.

**B. Whether the circuit court erred in granting in part WHLI's MFC.**

WDC argues that because the case was not in the nature of assumpsit, WHLI is not entitled to fees under HRS § 607-14. WDC also argues that WHLI failed to meet its burden for an award of attorneys' fees with sufficient documentation.

**1. Whether the case was in the nature of assumpsit.**

The Hawai'i Supreme Court "has defined assumpsit as a common law form of action which allows for the recovery of damages for the non-performance of a contract[.]" S. Utsunomiya Enterprises, Inc. v. Moomuku Country Club, 76 Hawai'i 396, 399-400, 879 P.2d 501, 504-505 (1994) (quotation marks omitted).

The Hawai'i Supreme Court has held that:

> [a]s a general proposition, the character of an action is determined from the facts stated in, and the issues raised by, the plaintiff's complaint, declaration, or petition. It is determined from the substance of the entire pleading, the nature of the grievance, and the relief sought, rather than from the formal language employed or the form of the pleadings.

Schulz v. Honsador, Inc., 67 Haw. 433, 436, 690 P.2d 279, 282 (1984), *overruled on other grounds*, (quoting 63 Am.Jur.2d Products Liability § 906 (1984)). Further, an "action for breach of warranty clearly is in the nature of assumpsit, inasmuch as a warranty arises from the contractual relationship between buyer and seller, and a breach of warranty constitutes a breach of contract." S. Utsunomiya Enterprises at 400, 879 P.2d at 505.

WDC argues that actions for declaratory relief and specific performance are not in the nature of assumpsit. See Chock v. Gov't Emp. Ins. Co., 103 Hawai'i 263, 268, 81 P.3d 1178,

10

1183 (2003) (an action seeking a declaration as to the party's rights and responsibilities, even if factually implicating a contract, is not in the nature of assumpsit). However in addition to asking for declaratory relief and specific performance, WHLI prayed for "compensatory, consequential, and incidental damages[.]"

WDC cites to <u>Lee v. Aiu</u>, 85 Hawai'i 19, 936 P.2d 655 (1997) for the proposition that "a suit to enforce an agreement is a suit for specific performance and is not an action in the matter of assumpsit[]" even where the plaintiff asserts a claim for breach of contract and damages as alternative relief." <u>Id.</u> at 85 Hawai'i at 31-32, 936 P.2d at 667-668. WDC argues that its "claims for breach of deed and unjust enrichment/equitable lien were a means of alternative relief, in the event that during the pendancy of the litigation, the County required WDC to construct the extension of Paniolo Avenue based on WHLI's refusal to do so." However, in <u>Lee</u>, the Hawai'i Supreme Court found that because there were "no monetary damages . . . the appropriate remedy is specific enforcement of the agreement." In the instant case, monetary damages were prayed for in the Complaint. <u>Lee</u> did not involve claims for monetary damages. In seeking to enforce the 1990 Deed, WDC's Complaint included a prayer for its own attorneys' fees and costs. "[P]laintiff's prayer for attorneys' fees has been cited as a significant indication that the action sounded in assumpsit." <u>Healy-Tibbitts Const. Co. v. Hawaiian Indep. Refinery, Inc.</u>, 673 F.2d 284, 286 (9th Cir. 1982) (internal quotations omitted). The instant action was in the nature of assumpsit.

> 2.  Whether WHLI met its burden for an award of attorneys' fees by providing sufficient information as required by HRS § 607-14.

WHLI had the burden to "show the reasonableness of the fee asked for and received." Sharp v. Hui Wahine, Inc., 49 Haw. 241, 246, 413 P.2d 242, 247 (1966).

WDC argues that "even assuming arguendo that the case was in the nature of assumpsit, the fee request submitted by WHLI was completely devoid of the information and evidence required to support an award of fees under applicable case law." WDC's argument is based upon the circuit court's determination that WHLI's request for attorneys' fees included "fees for work done that was not associated with the current litigation[,]" and was presented in a such a way "that made it difficult for the Court to apportion the fees between the assumpsit and non-assumpsit claims."

HRS § 607-14 permits a prevailing party in actions in the nature of assumpsit to recover all attorneys' fees reasonably incurred, "provided that this amount shall not exceed [25%] of the judgment." The specific amount of fees awarded is capped at 25%, but "the statute does not expressly instruct the courts as to how to calculate an award of attorney's fees when no precise monetary amount is sought in the pleadings[,]" and therefore is left to the trial court's discretion. Piedvache v. Knabusch, 88 Hawai'i 115, 118, 962 P.2d 374, 377 (1998). "The trial judge is, more or less, knowledgeable as to what is reasonable as an attorney's fee." Sharp, 49 Haw. at 250, 413 P.2d at 248.

No specific amount of monetary relief was prayed for in this case. However, "both parties have represented that the cost of completing the extension of Paniolo Avenue would range anywhere from a low of approximately $4 million to over $6 million." Working off of the most conservative estimate, the 25% cap on awarded fees would be $1 million. WHLI's submitted fees, including Hawai'i General Excise Tax were $508,043.50. The circuit court reduced the fees award to $219,608.48

The circuit court is allowed considerable discretion in awarding attorneys' fees.  See Sharp, 49 Haw. at 250, 413 P.2d at 249.  There is nothing in the record to indicate the circuit court abused this discretion.

## IV. CONCLUSION

For the foregoing reasons, the "Final Judgment Entered Against Waikoloa Development Company" entered in the Circuit Court of the Third Circuit on August 24, 2009 is affirmed.

DATED:  Honolulu, Hawai'i, May 20, 2013.

On the briefs:

Bruce D. Voss
Sarah M. Love
(Bays Deaver Lung Rose & Holma)
for Plaintiff-Appellant.

Duane R. Miyashiro
William M. Harstad
Arsima A. Muller
(Carlsmith Ball)
for Defendant-Appellee.

Chief Judge

Associate Judge

Associate Judge